IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ELVIA AGUSTINA MARTINEZ and
YASSINE BELMESTOUR,

         *Plaintiffs,*

v.

EDWARDS PROPERTY & HOTEL
MANAGEMENT, INC., a Florida
Profit Corporation, d/b/a BOULEVARD
HOTEL; JESUS A. CORREA TEXEIRA;
SOBE OPERATORS, LLC; and
STEFANO FRITELLA,

         *Defendants*.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Edwards Property & Hotel Management, Inc. d/b/a Boulevard Hotel and Jesus A. Correia Texiera (collectively, the "Served Defendants") by and through their undersigned attorneys, hereby remove the above-captioned action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 from the Circuit Court of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. Pursuant to 28 U.S.C. § 1446(a), set forth below are the following grounds for removal:

### *REMOVAL IS PROCEDURALLY PROPER*

1.    Concurrently with the filing of this Notice of Removal, the Served Defendants filing a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, which filing includes a copy of this Notice of Removal, and such Notice of Filing has been served on Plaintiffs in compliance with 28 U.S.C. §

1

1446(d).  A copy of the Served Defendants' Notice of Filing Notice of Removal is attached hereto as Exhibit "A."

2. This Notice of Removal is timely because it is filed within 30 days after Served Defendants were served with a copy of the initial Complaint.  *See* 28 U.S.C. § 1446(b).  The Served Defendants were served with a copy of the Complaint in the action styled *Elvia Agustina Martinez and Yassine Belmestour v. Edwards Property & Hotel Management, Inc. d/b/a Boulevard Hotel, Jesus A. Correa Texeira; and Sobe Operators, LLC and Stefano Frittella*, Case No. 2016-028106-CA-01 pending in the Circuit Court in and for Miami-Dade County, Florida (the "Action") on December 7, 2016.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings and orders served upon" the Served Defendants in this action are attached to this Notice of Removal.  These documents include the Summons and Complaint, the Served Defendants' Notice of Appearance, and the Served Defendants' Motion for Extension of Time to Respond to Complaint.  *See* Composite Exhibit B (Summons, Complaint, Notice of Appearance, Motion for Extension, as well as all papers appearing on the docket in the Circuit Court case).

4. On information and belief, and to the best of undersigned counsel's knowledge based on a review of the docket, none of the other named Defendants have been served with process in this action.  *See* Circuit Court Docket Sheet attached hereto as Exhibit C.  Therefore, their consent to removal is not necessary at this time.  28 U.S.C. § 1446(b)(2)(A); *Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.") (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)).

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, which is located within the Southern District of Florida.

*REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION*

6. This Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331. Served Defendants are entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441 because Plaintiffs have pleaded claims arising under a federal statute that appear on the face of the Plaintiffs' Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (removal jurisdiction exists when a federal question appears "on the face of the plaintiff's properly pleaded complaint.") Specifically, Plaintiffs allege that Served Defendants have violated the Fair Labor Standards Act in Count I of the Complaint. *See* Plaintiffs' Complaint at ¶¶ 19-25.

7. In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), the Supreme Court held that claims under the Fair Labor Standards Act are removable to federal court under 28 U.S.C. § 1441. *Id.* Therefore, this Court has original jurisdiction over this case.

8. Additionally, pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims which are "so related to the claim in the civil action that grants the district court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In this case, Plaintiffs' state law claims arise from the same set of operative facts as her federal law claim under the FLSA. In fact, each of the allegations supporting the federal law claim is expressly incorporated and made part of each of the state law claims. *See* Complaint, at ¶¶ 26,

31, and 37 (expressly incorporating all of the factual allegations on which the federal claim is based).

9. This Court has supplemental jurisdiction over the state law claim because the federal and state claims "derive from a common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Brigliadora v. Wells Fargo Bank, N.A.*, 8:10-CV-0194, 2011 WL 887804, at *2 (M.D. Fla., Mar. 4, 2011) (quoting *United Mine Workers of Am. v. Gibs*, 383 U.S. 715, 725 (1966)). Courts have found that a "loose factual connection may be sufficient to confer supplemental jurisdiction, so long as those facts are both common and operative." *Id.* (quoting *Skanes v. Ameriquest Mortg. Co.*, 05-CV-7097, 2007 WL 2815952, at *2 (N.D. Ill. Sept. 24, 2007) (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)).

10. In this case, there is far more than "a loose factual connection" between the facts in each of the claims. Plaintiffs incorporate the same common allegations of fact in the federal claim under FLSA as they do in the state law claims. *See* Complaint, at ¶¶ 26, 31, and 37.

11. For all of the foregoing reasons, removal of this Action to this Court is proper pursuant to 28 U.S.C. § 1441(a) and (c).

12. By virtue of this Notice of Removal, Served Defendants do not waive their right to assert any claims or other motions, including any and all motions permitted by Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Served Defendants hereby remove this Action from the Circuit Court of the State of Florida, Eleventh Judicial Circuit, Miami-Dade County, to the United States District Court for the Southern District of Florida, and respectfully requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in the Circuit Court.

Dated: January 6, 2017					Respectfully submitted,

/s/ Robert J. Alwine
Robert J. Alwine, Esq. (Fla. Bar No. 404179)
Serena A. Witter, Esq. (Fla. Bar. No. 45216)
ROBERT ALLEN LAW
Four Seasons Tower
1441 Brickell Avenue, Suite 1400
Miami, FL 33131
Tel:	(305) 372-3300
Fax:	(305) 379-7018
Email:	ralwine@robertallenlaw.com
	switter@robertallenlaw.com
	litigation@robertallenlaw.com

*Counsel for Defendants Edwards Property & Hotel Management, Inc. d/b/a Boulevard Hotel and Jesus A. Correia Texiera*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY hereby certify that on January 6, 2017, the foregoing document was delivered by method indicated and to those counsel listed on the attached service list.

/s/ Robert J. Alwine
Robert J. Alwine, Esq.

**SERVICE LIST**

**Martinez *et al.* v. Edwards Property & Hotel Management, Inc. *et al.*
United States District Court for the Southern District of Florida
Case No.**

Peter M, Hoogerwoerd, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Email: pmh@rpgattorneys.com

*Counsel for Plaintiffs*

[Via E-mail and U.S. Mail]